UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
──────────────────────────────X

LEVISTA, INC.,

                Plaintiff,

    -against-                            **OPINION & ORDER**
                                                    09 CV 0569 (SJF)(ARL)

RANBAXY PHARMACEUTICALS, INC.,

                Defendant.
──────────────────────────────X

FEUERSTEIN, J.

On February 11, 2009, plaintiff Levista, Inc. ("plaintiff") filed this action against defendant Ranbaxy Pharmaceuticals, Inc. ("defendant"), pursuant to this Court's diversity jurisdiction under 28 U.S.C. § 1332(a), asserting claims, *inter alia*, for breach of contract. By order dated February 4, 2010, defendant's motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint for failure to state a claim was granted, plaintiff's claims for tortious inference with business relations and for specific performance were dismissed with prejudice and plaintiff's claim for breach of contract was dismissed with leave to amend. Plaintiff filed an amended complaint on May 10, 2010, in accordance with that order. Defendant now moves pursuant to Rule 12(b)(6) to dismiss the amended complaint for failure to state a claim. For the reasons stated herein, defendant's motion is granted.

1

I. Background

   A. Factual Allegations[1]

Plaintiff is a New York corporation with its principal place of business located at 190 East Main Street, Huntington, New York 11743. (Amended Complaint [Compl.], ¶ 2).

Defendant is a Florida corporation with its principal place of business located at 9431 Florida Mining Boulevard East, Jacksonville, Florida 32257. (Compl., ¶ 4).

Plaintiff alleges that in or about May 2008, defendant entered into an agreement with it to sell and deliver to plaintiff and/or its customers twenty-five thousand eight (25,008) bottles of Cephalexin 500 mg/500s ("Cephalexin") at a price of nineteen dollars ($19.00) per bottle, less a cash discount of two percent (2%). (Compl., ¶ 9). According to plaintiff, the purchase was to be divided into two (2) distinct transactions: the first transaction provided for the sale and delivery of fourteen thousand four hundred eighteen (14,418) bottles to plaintiff and/or its customers and the second transaction provided for the sale and delivery of ten thousand five hundred ninety (10,590) bottles to plaintiff and/or its customers. (Id. ¶¶ 9-13).

Pursuant to a purchase order issued May 25, 2008 ("Purchase Order 241"), plaintiff wired one hundred thirty-five thousand two hundred thirty-one dollars and fifty-eight cents ($135,231.58) to defendant on June 4, 2008. (Compl., ¶ 14).

In or about June or early July 2008, defendant notified plaintiff that the lot numbers set forth in the purchase orders issued on May 23, 2008 and May 27, 2008 were no longer available, but agreed to fill the orders with different lot numbers and corresponding expiration dates.

---

[1] The factual allegations are taken from the amended complaint and, though disputed by defendant, are accepted as true for purposes of this motion. They do not constitute findings of fact by the Court.

2

(Compl. ¶ 15). On or about July 3, 2008, plaintiff wired one hundred forty thousand eight hundred fifty-two dollars ($140,852.00) to defendant to pay the balance of Purchase Order 241. (Compl. ¶ 16). Plaintiff alleges that the sum paid to defendant also included an overpayment of one thousand one hundred forty-one dollars and fifty-eight cents ($1,141.58). (Id.) According to plaintiff, on or about July 7, 2008, it issued, at defendant's direction, three (3) new purchase orders to defendant ("Purchase Orders 260A, 260B and 260C"), in place of Purchase Order 241, due to a change in shipping instructions. (Compl. ¶ 17).

On or about July 14, 2008, plaintiff shipped fourteen thousand four hundred eighteen (14,418) bottles of Cephalexin to plaintiff and/or its customers pursuant to the July 7, 2008 purchase orders. (Compl. ¶ 18). According to plaintiff, in or about late July or early August 2008, it repeatedly requested that defendant provide the lot numbers and expiration dates for the remaining bottles of Cephalexin in order to ensure that it was purchasing product with sufficient shelf life. (Compl. ¶ 19). Plaintiff alleges that defendant never responded to its requests for that information. (Compl. ¶ 20). According to plaintiff, defendant breached the parties' agreement by failing to provide the new lot numbers and expiration dates for the remaining bottles.[2] (Compl. ¶¶ 23-24).

---

[2] In the original complaint, plaintiff alleged that it had demanded that defendant ship and deliver the remaining bottles of Cephalexin to plaintiff and/or its customers, but that defendant failed to do so, (Original Complaint [Orig. Compl.], ¶ 11, Ex. B), and instead sold and delivered the Cephalexin to plaintiff's competitors, among others, at a price greater than nineteen dollars ($19.00) per bottle. (Orig. Compl., ¶ 16). Plaintiff appears to have abandoned those allegations in the amended complaint and now alleges, for the first time, that defendant breached the agreement by failing to provide the lots numbers and expirations dates of the Cephalexin prior to any payment by plaintiff.

3

B. Procedural History

On February 11, 2009, plaintiff commenced this action against defendant pursuant to this Court's diversity jurisdiction under 28 U.S.C. § 1332(a), asserting claims for breach of contract (first cause of action); bad faith (second cause of action); and specific performance (third cause of action). Plaintiff sought damages in the amount of one million dollars ($1,000,000.00); specific performance of the contract, i.e., sale and delivery of the remaining bottles of Cephalexin to plaintiff at a price of nineteen dollars ($19.00) per bottle, less the cash discount of two percent (2%); and costs and attorney's fees.

By an Order and Opinion of this Court dated February 4, 2010, defendant's motion to dismiss the complaint was granted, plaintiff's bad faith and specific performance claims were dismissed with prejudice and plaintiff's breach of contract claim was dismissed with leave to amend. Levista, Inc. v. Ranbaxy Pharms., Inc., No. 09-CV-0569, 2010 U.S. Dist. LEXIS 11136 (E.D.N.Y. Feb. 4, 2010). On May 10, 2010, plaintiff filed its amended complaint, asserting a claim for breach of contract and seeking damages in the amount of two hundred seven thousand eight hundred thirty dollars and forty-two cents ($207,830.42), plus interest, costs and attorney's fees. (Compl. ¶ 25).

Defendant now moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the amended complaint for failure to state a claim upon which relief can be granted.

II. DISCUSSION

A. Standard of Review

The standard of review on a motion made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is that a plaintiff plead sufficient facts "to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). The pleading of specific facts is not required; rather a complaint need only give the defendant "fair notice of what the * * * claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Twombly, 550 U.S. at 555, 127 S.Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557, 127 S.Ct. 1955). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. 544, 127 S.Ct. at 1959. The plausibility standard requires "more than a sheer possibility that defendant has acted unlawfully." Iqbal, 129 U.S. 1937, 129 S.Ct. at 1949.

In deciding a motion pursuant to Rule 12(b)(6), the Court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008), cert.denied, 128 S.Ct. 2964, 171 L.Ed.2d 906 (2008) (quoting Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002)). However, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

Iqbal, 129 S.Ct. at 1949. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 1950.

The Court must limit itself to the facts alleged in the complaint, which are accepted as true; to any documents attached to the complaint as exhibits or incorporated by reference therein; to matters of which judicial notice may be taken; or to documents upon the terms and effect of which the complaint "relies heavily" and which are, thus, rendered "integral" to the complaint. Chambers, 282 F.3d at 152-153 (citing International Audiotext Network, Inc. v. American Tel. and Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995)).

B.    Breach of Contract Claim

To state a claim for breach of contract under New York law, the complaint must allege (1) the existence of an agreement; (2) that the plaintiff has adequately performed his or her obligations under the agreement; (3) that the defendant failed to perform his or her obligations thereunder; and (4) damages resulting to the plaintiff from the defendant's nonperformance. See, 24/7 Records, Inc. v. Sony Music Entertainment, Inc., 429 F.3d 39, 41-42 (2d Cir. 2005); Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y., 375 F.3d 168, 177 (2d Cir. 2004).

In its amended complaint, plaintiff restates its contention, previously rejected by this Court, that there existed a "master" agreement between the parties "memorialized in writing by an email sent on June 16, 2008," (Plaintiff's Memorandum of Law [hereinafter Pl. Mem.] at 2), providing for the sale and delivery to plaintiff of twenty five thousand eight (25,008) bottles of Cephalexin. This Court previously held that plaintiff's assertion of the existence of a "master"

contract between the parties was insufficient, <u>Levista, Inc. v. Ranbaxy Pharms., Inc.</u>, No. 09-CV-0569, 2010 U.S. Dist. LEXIS 11136, *13 (E.D.N.Y. Feb. 4, 2010); that the parties' relationship was governed by the purchase orders and invoices; and that each purchase order issued by plaintiff and accepted by defendant was to be construed as its own "distinct contractual obligation." <u>Atateks Foreign Trade Ltd. v. Private Label Sourcing, LLC</u>, No. 07CV6665, 2009 WL 1803458, at * 4 (S.D.N.Y. June 23, 2009).

Plaintiff has failed to allege any additional facts plausibly suggesting the existence of a "master" contract governing the parties' relationship. Nor do the written terms of the purchase orders and invoices support plaintiff's assertion that the parties' agreement required defendant to provide the lot numbers and expiration dates of the Cephalexin prior to any advance payment by plaintiff. Indeed, although the purchase orders refer to specific lot numbers, they only required defendant to notify plaintiff "immediately if [defendant] [was] unable to ship [the items] as specified." Defendant performed its obligation to do so by notifying plaintiff in June or early July 2008 that it was unable to ship the lot numbers specified in Purchase Orders 241 and 242 because those items were no longer available. (Compl., ¶ 15). The purchase orders and invoices did not obligate defendant to provide any further information or perform any other act relating to its inability to ship the Cephalexin as specified.

Thus, plaintiff has failed to allege facts plausibly suggesting that defendant failed to perform its obligations under the parties agreement, or that plaintiff performed its own obligations thereunder, i.e., payment in advance of at least fifty percent (50%) of the total amount due. Accordingly, the amended complaint fails to state a cause of action for breach of contract.

III. Conclusion

For the reasons stated herein, defendant's motion to dismiss the amended complaint is granted and the amended complaint is dismissed in its entirety. The Clerk of the Court is directed to enter judgment in favor of defendant and to close this case.

SO ORDERED.

United States District Judge

Dated: December 2, 2010
       Central Islip, N.Y.